# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| THIS DOCUMENT RELATES TO: | Master File No. 04-10981 |
| LAURA ALLEN, ADMINISTRATIX OF THE ESTATE OF THE LATE DANIEL ALLEN, TIMOTHY BRIDGES, and ALFRED MORABITO, individually and on behalf of themselves and all others similarly situated, | Judge Patti B. Saris <br> Mag. Judge Leo T. Sorokin <br><br> Civil Action No. 05-10797 |
| Plaintiffs, | |
| v. | |
| PFIZER, INC. and PARKE-DAVIS, a division of Warner-Lambert Company, | |
| Defendants. | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO REMAND**

Binding First Circuit precedent holds that this action was not commenced when it was removed to federal court, but rather when it is filed in state court on December 23, 2004. *Natale v. Pfizer*, 424 F.3d 43 (1st Cir. September 16, 2005); *see also* Mass. R. Civ. P. 3.  Thus, the only remaining issue to be decided is whether Plaintiffs' First Amended Class Action Complaint ("Amended Complaint") relates back to the filing of the original complaint or recommences new litigation.  The defendants proffer a number of inapposite cases and irrelevant facts in an attempt to persuade this Court that the Amended Complaint advances an entirely new and unrelated theory.[1]   However, when scrutinized, it is clear the Amended Complaint does not add any new parties, does not broaden the class definition, and does not substantially change the allegations.  The claims advanced in Plaintiffs' Amended Complaint arise out of the conduct, transaction, or occurrence set forth in the original pleading and thus relate back to the original filing.  *See Judy v. Pfizer, Inc.*, 2005 WL 2240088, *3 (E.D.Mo. 2005), and *Brown v. Kerkhoff*, 2005 WL 2671529, *12 (S.D. Iowa 2005).  Therefore, this Court should remand the action to Suffolk Superior Court.

**PROCEDURAL BACKGROUND**

On October 14, 2004 a comprehensive G.L. c. 93A demand letter was served upon defendants identifying defendants' unfair and deceptive unfair practices, which included among other acts, false advertising pursuant to 940 CMR § 3.00 *et seq*. Plaintiffs' commenced their original lawsuit on December 23, 2004.  The fifty-five page complaint alleged numerous violations of G.L. c. 93A, including false advertising. Following the express intent of the statute as interpreted by a litany of Massachusetts

---

[1]  Defendants again ignore authority addressing this very same issue.  This was a point not lost on Judge Young, who acknowledged Pfizer's repeated attempts to advance the same arguments rejected by a number

cases, on February 23, 2005, another demand letter was served on defendants in an attempt to facilitate settlement dialogue. On March 21, 2005, Plaintiffs filed a forty-two page Amended Complaint that alleged violations of G.L. c. 93A and 940 CMR § 3.02, as promulgated under G.L. c. 93A.

The defendants were properly served with a summons and complaint pursuant to Mass. R. Civ. P. 4. Defendants removed the action on April 20, 2005.

## ARGUMENT

1. <u>The Amendments to the Complaint Relate Back to the Original Filing</u>

Federal Rules of Civil Procedure, Rule 15(c) states:

**Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) **the claim** or defense asserted in the **amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading**, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15 (emphasis added).[2]

From the outset, this lawsuit has been about defendants' intentional, willful and improper misrepresentation of the drug Neurontin to Massachusetts consumers, in

---

of other federal courts. *Natale v. Pfizer*, 379 F. Supp.2d 161, 181 (D.Mass. 2005).

[2] Massachusetts Rule 15 is substantially similar to the federal rule. Mass. R. Civ. P. 15(c) states: **"Relation Back of Amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading."

2

violation of G.L. c. 93A. A review of both the original Complaint and the Amended Complaint indicates that the factual allegations are virtually identical. The Amended Complaint does not add any parties. There are no new defendants or plaintiffs. The Amended Complaint does not expand the class definition. To the contrary, the Amended Complaint limits and clarifies the class definition. Moreover, the Amended Complaint does not substantially change the allegations of the original lawsuit. It simply adds specificity to some of the general allegations. The original complaint, a one count G.L. c. 93A action, alleged numerous deceptive acts or practices in the marketing and sale of Neurontin, including false advertising. (Complaint, ¶¶ 56-62, 270-94 304-11, 327-31, 342-46). The Amended Complaint alleges two counts – one for violations of G.L. c. 93A and the other for false advertising pursuant to 940 CMR § 3.02, as promulgated *under* G.L. c.93A. No new cause of action has been added. The Amended Complaint alleges nearly identical facts and claims that arise out of the conduct, transaction, or occurrence set forth in the original complaint, but with more specificity. (Amended Complaint, ¶¶ 42-50, 108-26, 346-53, 333-37) All of the allegations (old and new) are based on Massachusetts state law – violation of G.L. c. 93A. As masters of their complaint, Plaintiffs, through amendment, have tightened up the allegations and have shaped the issues for trial. In fact, thirteen pages were cut out from the original complaint.

2. <u>Authority Addressing this Very Same Issue Held that Amendments Relate Back</u>

The relation back of amendments to pleadings is determined by the application of Rule 15(c). In that there are no limitations arguments asserted by defendants and the Amended Complaint does not change "the party or the naming of the party against whom a claim is asserted, the provisions of Rule 15(c)(2) would apply. Defendants misapply and

3

advance a few post-CAFA cases dealing with the issues of expanding class definitions and adding new parties. *See Senterfitt v. Suntrust Mortgage*, 385 F. Supp.2d 1377, 1381 (S.D. Ga. 2005) (Expansion from a state class to a nationwide class and the class period by 16 years lacked notice and constituted unfair prejudice); *Heaphy v. State Farm Mutual Automobile Insurance Co.*, 2005 WL 1950244 (W.D. Wash. 2005) (Addition of new plaintiff and an attempt to amend regarding a party plaintiff whose claims were fully adjudicated); *Adams v. Federal Materials Company, Inc.*, 2005 WL 1862378 (W.D. Ky. 2005) (Addition of new defendant); *Plummer v. Farmers Group, Inc.*, 388 F. Supp. 2d 1310, 1317 (E.D. Ok. 2005) (Addition of claims by new plaintiff does not provide defendant with fair notice).

The addition of new parties as *Senterfitt*, *Heaphy*, *Adams* and *Plummer* would require analysis of the Rule 15(c)(3) criteria of "notice" and "prejudice" to a defendant not found in subsection (2). Instead, as in this case, "notice" and "prejudice" to defendants are not relevant and the analysis would be whether "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[3] Here the underlying facts asserted on behalf of plaintiffs remain wholly unchanged. Both complaints allege violation of G.L. c. 93A.

In a nearly identical state law claims suit brought against Pfizer for the marketing of Neurontin, the court was asked to determine whether the plaintiff commenced a new case when the amended petition added additional factual allegations and entirely new claims. *Judy v. Pfizer, Inc.*, 2005 WL 2240088, *2 (E.D.Mo. 2005). The original petition in *Judy* set forth fraud, breach of warranty claims, and alleged a violation of a state deceptive marketing statute. *Id.* at *3. The amended complaint added negligence

4

and negligence per se claims, and divided the breach of warranty claim into breach of express and implied warranty count. *Id*. The court opined that although entirely new claims appeared in plaintiff's amended petition, those amendments did not commence a new action because they arose "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id*.

Similarly, in *Brown v. Kerkhoff*, 2005 WL 2671529, *12 (S.D. Iowa 2005), plaintiffs amended their class complaint and added four entirely new counts. Defendants removed the action averring that the amendments restarted the action and was subject to CAFA. *Id*. The court held that "[a]lthough the Amended Petition contains more specific factual claims and changes the legal theories set forth, that does not prevent the claims made therein from relating back." *Id*. at *15. "From the facts presented in the Petition, Defendants had adequate notice of claims of the type brought in the Amended Petition." *Id*.[4]

The law in the Commonwealth with respect to amendments is more liberal than elsewhere - an amendment to a complaint relates back to the date of the original writ.

---

[3] Defendants were put on notice as early as the Fall of 2004 when they received the demand letter.

[4] A majority of the post-CAFA decisions have held that amendments to a class action complaint relate back to the filing of the original complaint. *See New Century Health Quality Alliance, Inc. v. Blue Cross and Blue Shield of Kansas City, Inc.*, 2005 WL 2219827, *5 (W.D. Mo. 2005) (Amendment to complaint to add new corporate defendant relates back to filing of original complaint); *Phillips v. Ford Motor Company*, 2005 WL 2654247, *2 (S.D. Ill. 2005) (Amendment to complaint to add two additional named plaintiffs and to expand the scope of the class definition does not commence new action); *In re Expedia Hotel Taxes and Fees Litigation*, 377 F.Supp.2d 904, 906 (W.D. Wa. 2005) (Consolidation of three class action complaints post-CAFA does not trigger new action); *Richina v. Maytag Corporation*, 2005 WL 2810100, *4 (E.D. Cal.) (Amended complaint filed after enactment of CAFA does not commence new action); *Siew Hian Lee v. CitiMortgage, Inc.*, 2005 WL 2456955, *2 (E.D. Mo. 2005) (Amended complaint that adds specificity to the factual allegations but does not change the substance of the claims does not commence new action); *Eufaula Drugs, Inc. v. Scripsolutions*, 2005 WL 2465746, * 4 (M.D. Ala. 2005) (Amended complaint that names new defendant relates back to original complaint); *Weekley v. Guidant Corporation*, 2005 WL 2348476, * 3 ( E.D. Ark. 2005) (Complaint on behalf of an individual amended to include class allegations does relate back to original complaint); *Boxdorfer v. DaimlerChrysler Corp.*, 2005 WL 2837554, *3 (C.D. Ill. 2005) (Amendment to complaint to include additional plaintiffs and allege smaller class furnished the defendant all the information necessary to prepare a defense and related back); *Morgan v. American International Group*, 2005 WL 2172001, * 3 (N.D. Cal. 2005) (Amendment to add an additional defendant relate back to the original filing).

5

*Wadsworth v. Boston Gas Company*, 352 Mass. 86, 89 (1967).  Clearly, Plaintiffs' Amended Complaint here, arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.  *See* 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1497, at 94-95 (1990) (amendment changes the legal theory on which the action initially was brought is of "no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading").

Defendants' desperate arguments that service of a second demand letter and/or the fact that the Amended Complaint was not served until after the enactment of CAFA should somehow trigger new litigation is baseless and should be summarily rejected.[5]  First, as stated in the second demand letter, the purpose of the letter was to initiate settlement dialogue.  A demand letter is designed to encourage negotiation and settlement … ."  *Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 288 (1985).   In fact, Plaintiffs had no obligation to send another demand letter because the first letter was proper.  The Massachusetts Supreme Judicial Court has held that if no reasonable tender of settlement was made in response to the first demand, further demands will not serve any useful purpose and are thus not required.  *Baldassari v. Public Finance Trust*, 369 Mass. 33, 42 (1975).  Second, the Amended Complaint was properly served pursuant to the Rules of Civil Procedure and has no bearing on the commencement date.  *See Lussier v. Dollar Tree Stores, Inc.*, 2005 WL 2211094, *3 (D. Or. 2005) (State statute recognizes

---

[5]  Defendants inaccurately state that the second demand letter "is the only one plaintiffs describe in their amended complaint." (Def. Supp. Mem., p. 6).  Plaintiffs reference multiple **demand letters** in the Amended Complaint (¶¶ 340-41) and state in the second demand, "[t]his letter serves as … **another attempt** by Claimants to facilitate a genuine settlement dialogue."  (emphasis added).

that "commences" means when the action was filed and not when it was served, thus fact that class complaint was served after CAFA is irrelevant).

3.  <u>Judicial Economy Dictates that the Threshold Issue to be Decided is Jurisdiction</u>

Defendants again suggests that judicial economy dictates that this state law action be heard in the District of Massachusetts. However, as this Court is well aware, the threshold issue to be decided is jurisdiction. "For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended." *Aetna v. U.S. Healthcare, Inc.,* 54 F. Supp.2d 1042, 1047-48 (D.Kan. 1999); *see also Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) ("[a] threshold issue in this case, as in every case, is subject matter jurisdiction.").[6]

## CONCLUSION

For the reasons advanced above,[7] Plaintiffs' Motion to Remand this case to the Suffolk Superior Court Department should be ALLOWED.

DATED: November 25, 2005                Respectfully submitted,

*/s/ Daniel D'Angelo*
Robert J. Bonsignore, BBO# 547880
Daniel D'Angelo, BBO# 630321
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
(781) 391-9400

---

[6] Plaintiffs propounded discovery on defendants months ago. However, pursuant to the Court's PTO, they have been prevented from participating in discovery while the action is pending in federal court. Plaintiffs have been prejudiced by defendants' removal petition and are eager to proceed with to the merits.

[7] Plaintiffs also incorporate by reference their Memorandum of Law in Support of Motion to Remand filed on May 19, 2005, Plaintiffs' Reply Memorandum of Law in Support of Motion to Remand filed on June 16, 2005, Notice of Additional Relevant Authority in Support of Motion to Remand filed on August 12, 2005, and Plaintiffs' Notice of Additional Relevant Authority in Support of Motion to Remand filed on October 12, 2005.